J-S42006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM COLON, | |
| Appellant | No. 1642 EDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007696-2012

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 27, 2015**

Appellant, William Colon, appeals from the judgment of sentence entered on May 30, 2014, in the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On April 1, 2014, following a waiver trial, [Appellant] was found guilty of Possession of a Firearm Prohibited, 18 Pa.C.S. §6105, Firearms not to be Carried Without a License, 18 Pa.C.S. §6106, Carrying a Firearm in Public, 18 Pa.C.S. §6108, and Possession Of Marijuana, 35 [P.S.] §780-113(A)(31). Sentencing was deferred until May 30, 2014, on which date [the trial court] sentenced Appellant to a term of two (2) to four (4) years of incarceration at a State Correctional Institution.  On June 4, 2014, Appellant timely filed this appeal.

_____

* Former Justice specially assigned to the Superior Court.

Trial Court Order, 1/6/15, at 1 (footnote omitted). Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

The trial court summarized the testimony presented at trial as follows:

> On June 16, 2009, around 10:28 p.m., Philadelphia Police Officer Thomas Schaffer, and his partner, Philadelphia Police Officer Brian Boyd, were on duty in the area of East Roosevelt Boulevard, Philadelphia, PA. While driving southbound on Roosevelt Boulevard, Officers Schaffer and Boyd observed a white Chevy Suburban, with a PA tag of FVZ8933, "driving at a high speed and swerving in and out of traffic without turn signals." The Police Officers proceeded to pull the vehicle over near the 6500 block of the Boulevard and called for a marked back-up unit.[2] There were three (3) persons present in the vehicle, Appellant in the driver's seat, and two (2) other passengers, one in the front passenger seat, and the other in the backseat.
>
> > [2] At the time of this incident both Officers Schaffer and Boyd were dressed in plain clothes and driving an unmarked vehicle.
>
> As Officer Schaffer approached the car, Appellant rolled down the window, and Officer Schaffer noticed a strong odor of marijuana coming from inside the vehicle. Officer Schaffer then observed a clear baggie with a green-leafy substance in the vehicle's center console cup-holder. At this moment, Officer Schaffer notified Officer Boyd to come join him by the vehicle. The officers asked Appellant to exit the vehicle, at which time Officer Schaffer entered the vehicle to retrieve the baggie from the cup-holder. As Officer Schaffer pulled the baggie out, the cup holder came out of the console, revealing a silver .44 caliber Ruger handgun with a black handle. Officer Schaffer recovered the handgun immediately, rendered it safe, and determined that it was loaded with six live rounds. Appellant was arrested and the officers filled out the requisite paperwork.

Trial Court Opinion, 1/6/15, at 2 (internal citations omitted).

Appellant presents the following issues for our review:

1. Did the court commit error by convicting Appellant of possessing a firearm where the evidence at trial was insufficient to establish that Appellant possessed a firearm?

2. Did the court commit error by convicting Appellant of firearms not to be carried where the evidence at trial was insufficient to establish that Appellant possessed a firearm?

3. Did the court commit error by convicting Appellant of carrying a firearm in public where the evidence at trial was insufficient to support said conviction?

4. Did the court commit error by convicting Appellant of possession of marijuana w[h]ere the evidence at trial was insufficient to establish that Appellant possessed marijuana?

Appellant's Brief at 6 (full capitalization omitted).

Appellant's four issues consist of claims that the evidence at trial was insufficient to establish that Appellant possessed the firearm and the marijuana. Appellant contends that because the evidence fails to establish that Appellant possessed the firearm or the marijuana, his convictions should be reversed. Appellant's Brief at 11-14. In support of his position, Appellant argues that he was one of three individuals in the vehicle, and that all individuals in the vehicle had access to the center console where the gun and marijuana were discovered. *Id.* at 11. Appellant asserts that he did not own the vehicle, and further maintains that the Commonwealth presented no evidence indicating that Appellant exercised control over the firearm, made physical contact with the firearm, or was aware of the existence of the firearm. *Id.* Appellant contends that the Commonwealth presented "no

other evidence at trial linking Appellant to the firearm." *Id.* With regard to the marijuana, Appellant argues that the Commonwealth presented no evidence that Appellant possessed marijuana "beyond Appellant's mere presence in a vehicle which contained . . . marijuana." *Id.* at 14. Appellant asserts that the trial court erred by convicting Appellant of possession of marijuana "where the evidence presented at trial shows that Appellant never physically or constructively possessed marijuana." *Id.*

Our standard of review for a sufficiency claim is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889-890 (Pa. Super. 2011).

18 Pa.C.S. § 6105 provides, in relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b) [enumerated offenses], within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) [other persons] shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

The offense of firearms not to be carried without a license is defined at 18 Pa.C.S. § 6106(a)(1), and provides as follows:

Except as provided in paragraph (2) [Exceptions], any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

The offense of "carrying firearms on public streets or public property in Philadelphia" states the following: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class" unless such person is licensed to carry a firearm or is exempt from licensing requirements. 18 Pa.C.S. § 6108.

Furthermore, 35 P.S. § 780-113, provides, in pertinent part, as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

* * *

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of

- 5 -

> marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

35 P.S. § 780-113(a)(31).

As noted, Appellant contests only the element of possession for each crime. In this case, because the firearm and marijuana were not found on Appellant's person, the Commonwealth had the burden to show that Appellant constructively possessed the contraband. *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa. Super. 2005).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). Additionally, we have held that "two actors may have joint control and equal access and thus both may constructively possess the contraband." *Jones*, 874 A.2d at 121.

The trial court provided the following analysis regarding the sufficiency of evidence supporting the conclusion that Appellant constructively possessed the firearm and marijuana:

> In the instant matter, there was sufficient evidence to show that Appellant constructively possessed both the handgun and the marijuana.

First, Appellant had the ability to exercise conscious control or dominion over both the handgun and the marijuana as both were found in the center console of the vehicle[ ] Appellant was driving. This area was clearly within reaching distance of Appellant. Moreover, because Appellant was driving, this indicates that he was the one in control of the vehicle at the time. The fact that Appellant was in the car with more than one person "does not eliminate defendant's constructive possession . . ." as "two actors may have joint control and equal access. . ." . . . . While [the trial court] notes that there were two (2) other individuals in the car that could have exercised control, this does not affect Appellant's possession because Appellant also had the ability to exercise control.

Second, Appellant had the intent to exercise that control, evidenced by the close proximity of both the handgun and marijuana to Appellant. Moreover, besides the fact that [the] gun and the marijuana were within reaching distance of Appellant, the close proximity of the marijuana and gun to each other also speaks to Appellant's intent to exercise his control over the weapon and the drugs.

Trial Court Opinion, 1/6/15, at 4-5.

We agree. Given the totality of circumstances, the trial court's conclusion that Appellant constructively possessed the contraband was supported by evidence of record. As our Supreme Court has stated:

[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." . . . Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-1236 (Pa. 2007) (internal citations and some quotation marks omitted). Moreover, because the Commonwealth's evidence was sufficient to support Appellant's convictions, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2015